UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS CAMILLO R. LOPEZ,<br><br>    Petitioner,<br><br>v.<br><br>WASHINGTON STATE,<br><br>    Respondent. | 4:17-cv-05011-SAB<br><br>**ORDER DISMISSING FIRST AMENDED PETITION** |

    BEFORE THE COURT is Petitioner's First Amended Petition, ECF No. 9. Petitioner, a *pro se* prisoner at the Airway Heights Corrections Center has paid the full filing fee to commence this habeas action brought pursuant to 28 U.S.C. § 2254. After review of the First Amended Petition, the Court finds that it lacks jurisdiction over the named Respondent, District Court of the State of Washington for Benton County.

    As reiterated in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), "[i]n challenges to present physical confinement, . . . the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.* at 439. Petitioner is challenging two sentences of 365 days each based on Alford pleas to two charges of fourth degree assault in 2011. He is not asserting a claim involving future custody. Rather, Petitioner indicates that his sentences ran concurrently with

**ORDER DISMISSING FIRST AMENDED PETITION --** 1

another 2012 Benton County sentences of 132 months, ECF No. 9 at 13. "A prisoner seeking release from confinement must sue his jailer." *Rumsfield*, 542 U.S. at 438 (citations and quotations omitted).

The fact Petitioner has chosen to name a court as respondent, rather than his present custodian at the Airway Heights Corrections Center, deprives this Court of personal jurisdiction to consider his petition. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Therefore, **IT IS ORDERED** the Petition is **DISMISSED** for lack of personal jurisdiction.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, and forward a copy to Petitioner. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 11th day of July, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING FIRST AMENDED PETITION -- 2**